UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0248-CVE-5 |
| ) | |
| JORGE PEREZ GUERRERO, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are defendant Jorge Perez Guerrero's motion to dismiss the indictment, or, in the alternative, for a bill of particulars (Dkt. # 149), and motion for a <u>James</u> hearing (Dkt. # 148).

Defendant is charged in a superseding indictment (Dkt. # 45),[1] which alleges that beginning in or about September 2020, defendant was part of a larger conspiracy to manufacture and distribute methamphetamine with eight other named co-conspirators. Dkt. # 45, at 1-2. Defendant is charged in count one of the superseding indictment with conspiracy with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Defendant is also charged in counts nine, fourteen, and fifteen with using a communication facility in committing, causing, and facilitating the commission of acts constituting felonies under 21 U.S.C. §§ 841 and 846, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1).

---

[1] Defendant was not charged in the original indictment (Dkt. # 24).

I.      **Defendant's Motion to Dismiss (Dkt. # 149)**

Defendant argues that, pursuant to Fed. R. Crim. P. 12(b), the superseding indictment must be dismissed as to him because plaintiff failed to "state specific facts sufficient to constitute an offense against the United States." Dkt. # 149, at 1.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)).  An indictment may not be challenged based on the strength or weakness of the government's case, but only on whether the allegations, if taken as true, support an indictment.  Id.  A very narrow exception to the rule against assessing the factual underpinnings of an indictment exists when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."  Id. at 1068 (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)).  "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the defendant could not have committed the offense for which he was indicted." Todd, 446 F.3d at 1068; see, e.g., Hall, 20 F.3d at 1085-86 (indictment dismissed where defendant was charged with knowingly using a pistol during a drug trafficking offense but offered undisputed evidence that he was not present when drugs were found in his home); United States v. Brown, 925 F.2d 1301, 1305 (10th Cir. 1991) (indictment dismissed where government admitted it could not provide evidence demonstrating stolen intellectual property involved stolen physical goods and statute at issue required such a showing).

Defendant fails to point to undisputed facts that establish, as a matter of law, that plaintiff is <u>incapable</u> of proving counts one, nine, fourteen, and fifteen against him beyond a reasonable doubt. Instead, defendant submits a one-page motion using boilerplate language that is devoid of any specific arguments; that plaintiff failed to "state specific facts sufficient to constitute an offense against the United States." Dkt. # 149, at 1. The Court finds that the indictment sufficiently sets forth the elements of the offenses charged, puts the defendant on notice of the charges against him, and enables him to assert a double jeopardy defense. <u>Todd</u>, 446 F.3d at 1067. Specifically, the indictment includes the dates, locations, parties involved, and the essential elements of the drug conspiracy (count 1) and the use of communication facilities in committing the drug offenses (count 9, 14, 15). Dkt. # 45, at 1-2, 7-8. Thus, defendant's motion to dismiss (Dkt. # 149) is denied.

## II.     Defendant's Motion for Bill of Particulars (Dkt. # 149)

Defendant asks the Court to require plaintiff to file a bill of particulars pursuant to Fed. R. Crim. P. 7(f). Dkt. # 149, at 1.

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." If a defendant seeks more definite information about the charges against him, his remedy is to file a motion for a bill of particulars. <u>United States v. Doe</u>, 572 F.3d 1162, 1176 (10th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." <u>United States v. Ivy</u>, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars may be required when the indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. <u>United States v. Levine</u>, 983 F.3d 165,

167 (10th Cir. 1992). "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges . . . to enable him to prepare for trial, a bill of particulars is not necessary." Doe, 572 F.3d at 1176 (internal citation omitted).

In his one-page motion, defendant merely recites boilerplate language without providing specific arguments. Dkt. # 149, at 1. Namely, defendant's only argument is that "the indictment does not state in plain, concise, and definite language the essential facts constituting the offense charged and does not inform defendant of the nature of the accusation against him in such a manner as to enable him to prepare a defense." Dkt. # 149, at 1.

The Court finds that counts one, nine, fourteen, and fifteen of the superseding indictment meet the standard outlined in Doe, 572 F.3d at 1176. The indictment provides a plain, concise, and definite written statement of the essential facts, such as: the date and location of the offenses, who was involved, and the criminal conduct being charged. See Dkt. # 45, at 1, 7-8. Because the indictment provides sufficient notice of the charges against defendant to allow him to prepare a defense, defendant is not entitled to a bill of particulars. See Levine, 983 F.3d at 167. Therefore, the bill of particulars portion of defendant's motion (Dkt. # 149) is denied.

**III.    Defendant's Motion for a James Hearing (Dkt. # 148)**

Defendant next asks the Court for a James[2] hearing, arguing that statements made by alleged coconspirators are inadmissable hearsay pursuant to Fed. R. Evid. 801(c), and asks the Court to prevent the plaintiff from introducing these statements. Dkt. # 148, at 1, 3.

---

[2]    United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979) (overruled on separate grounds).

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the Court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995)). A district court may rely on statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clauses of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir.1996).

Plaintiff opposes defendant's motion for a James hearing and argues that there is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of coconspirator statements. Dkt. # 160, at 1, 3. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). However, the Tenth Circuit has clearly held that is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). In this case,

the indictment alleges that numerous defendants engaged in a conspiracy to manufacture, possess with intent to distribute, and to distribute methamphetamine, and a James hearing would take almost as long as a jury trial. The Court will require plaintiff to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit the statements, but defendant's motion (Dkt. # 148) for a James hearing is denied.

**IT IS THEREFORE ORDERED** that defendant Jorge Guerrero Perez's motion to dismiss the indictment or, in the alternative, for a bill of particulars (Dkt. # 149), and motion for a James hearing (Dkt. # 148), are **denied**.

**DATED** this 24th day of September, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE